IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORTHEAST BANK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-00674 |
| JOSEPH KURUVILA and JAMIE JOSEPH, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Northeast Bank ("NEB") files this Complaint against Defendants Joseph Kuruvila and Jamie Joseph, and respectfully states as follows:

### SUMMARY

1.  Defendants are guarantors of a loan owed to NEB by Abilene Townhomes & Condos, Inc. ("ATC"). ATC defaulted on the loan and is currently in bankruptcy. NEB files this action to enforce Defendants' Guaranty and collect the outstanding principal and interest balance of the loan in excess of $1,000,000.

### PARTIES

2.  Plaintiff Northeast Bank is a Maine state-chartered bank with its principal place of business in Lewiston, Maine and a corporate office in Boston, Massachusetts.

3.  Defendant Joseph Kuruvila is an individual resident of the State of Florida. He can be served with process at 6053 Miramar Parkway, Miramar, Florida 33023, or wherever he may be found. Because he has failed to inform the lender of an agent for

service of process in Texas, as the Guaranty requires, he can be served by registered or certified mail, postage prepaid, to 6053 Miramar Parkway, Miramar, Florida 33023.

4.  Defendant Jamie Joseph is an individual resident of the State of Florida. She can be served with process at 6053 Miramar Parkway, Miramar, Florida 33023, or wherever she may be found. Because she has failed to inform the lender of an agent for service of process in Texas, as the Guaranty requires, she can be served by registered or certified mail, postage prepaid, to 6053 Miramar Parkway, Miramar, Florida 33023.

## JURISDICTION AND VENUE

5.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000. Specifically, NEB is a citizen of Maine and Massachusetts, and Defendants are citizens of Florida. NEB seeks to recover damages from Defendants of more than $1,000,000.

6.  This Court has personal jurisdiction over Defendants because they have established minimum contacts with the State of Texas by entering into a Guaranty of a loan secured by real property in Texas. Further, in the Guaranty, Defendants agreed to (a) "irrevocably submit to the nonexclusive jurisdiction of the courts of the State of Texas and the United States District Court located in Texas;" and (b) "maintain a place of business or an agent for service of process in Texas."

7.  Venue is proper in this Court because Defendants agreed to venue in any court in Texas and "irrevocably waive[d] any objection which they may have at any time

to the laying o[f] venue of any suit, action or proceeding arising out of or relating to this Guaranty in any such court . . . ."

## FACTUAL BACKGROUND

8.  On November 14, 2005, Courtyard Park, LLC executed a Multifamily Note with LaSalle Bank, National Association for the purchase of a townhome development in Abilene, Texas (the "Loan"). The Loan had a principal amount of $1,400,000 and an initial interest rate of 6.02%. The Loan was secured by a Deed of Trust and Assignment of Rents executed by Courtyard Park, LLC. In addition, two individuals guaranteed the Loan.

9.  On April 18, 2007, ATC agreed to assume the obligations of the Loan from Courtyard Park, LLC. In connection with the assumption of the Loan by ATC, Defendants Joseph Kuruvila and Jamie Joseph executed a Guaranty of Recourse Obligations of Borrower dated April 18, 2007 (the "Guaranty").

10. Under the terms of the Guaranty, Defendants agreed to "absolutely and unconditionally guarantee to Lender the prompt and unconditional payment" of the entire outstanding balance of the Loan in certain events of default by the borrower. The Guaranty is a "continuing guaranty and [] the obligations of the Guarantors [] are and shall be absolute under any and all circumstances, without regard to the validity, regularity or enforceability of the Note, the Security Instrument, or the Other Security Documents."

11. In 2013, ATC defaulted on the Loan and eventually filed for bankruptcy. The Bankruptcy Court confirmed ATC's Bankruptcy Plan on January 23, 2014. The

Confirmed Plan modified the Loan to, among other things, (a) provide for a new maturity date of January 1, 2017; (b) set new interest rate provisions; and (c) create additional indebtedness comprising pre-petition arrearage and post-petition attorneys' fees (the "Arrearage Note"). The Confirmed Plan provided that the lender "shall retain its contractual protections, default remedies, liens, and other contractual rights in accordance with its pre-petition loan documents, which shall remain enforceable as modified herein . . . until the secured claim is paid in full." The Confirmed Plan further provided that the lender "shall not be enjoined or prevented from collection remedies against any non-debtors, including specifically any guarantors of the indebtedness to [the lender]."

12.     As a result of a series of assignments, NEB is now the owner and holder of the Loan and the Arrearage Note, including all rights, title, and interest in the debt, the Loan Documents, and the Guaranty.

13.     ATC violated the terms of its Note (including the Arrearage Note) and other Loan Documents by, among other things, defaulting on the payment of debt and failing to perform certain covenants set forth in the Loan Documents. The Loan and the Arrearage Note matured on January 1, 2017, but the outstanding principal and interest remains unpaid. On March 6, 2017, ATC filed a Chapter 11 petition in bankruptcy, ignoring a provision in the Order Confirming the Bankruptcy Plan that prohibited a subsequent bankruptcy filing by ATC within three-and-a-half years.

14.     The current balance on the Loan (including all principal, interest, and fees) exceeds $1.2 million; the balance on the Arrearage Note exceeds $85,000. To date, ATC has not paid this balance. Moreover, as a result of ATC's bankruptcy filing, NEB was

prevented from proceeding with a foreclosure sale of the collateral, which had been scheduled for March 7, 2017. Thus, Defendants are obligated to NEB under the Guaranty, and NEB files this action to enforce the terms of the Guaranty.

## CAUSE OF ACTION

### *Breach of Contract*

15. NEB incorporates by reference the preceding paragraphs as if fully set forth herein.

16. Defendants entered into a valid and enforceable Guaranty, dated April 18, 2007, with Capmark Finance, Inc., as servicer for Wells Fargo Bank, N.A. NEB is now the owner and holder of all rights, title, and interests in the Guaranty.

17. In executing the Guaranty, Defendants agreed to absolutely and irrevocably guarantee to the lender prompt and unconditional payment of the unpaid principal and interest on the Loan in certain events of default. Defendants have breached the Guaranty by failing to pay the amount owed under the Guaranty.

18. Defendants' breach of the Guaranty has caused injury to NEB. NEB seeks to recover damages from Defendants in the amount of the outstanding balance (including principal, interest, and fees) on the Loan and the Arrearage Note.

19. As a result of Defendants' breach, NEB was required to engage counsel to file this action. Pursuant to Texas Civil Practice and Remedies Code § 38.001, NEB is entitled to its reasonable and necessary attorneys' fees and costs incurred in prosecuting this action against Defendants. NEB also is entitled to its reasonable and necessary attorneys' fees under the provision of the Guaranty requiring Defendants to pay any fees incurred by the lender in enforcing the Guaranty.

## CONDITIONS PRECEDENT

20. All conditions precedent to NEB's recovery of the relief requested herein have been performed, have occurred, or have been waived.

## PRAYER

NEB respectfully requests that this Court award to it:

    i. actual damages;

    ii. reasonable costs and attorneys' fees incurred in pursing this action;

    iii. post-judgment interest; and

    iv. such further relief to which it is entitled.

Respectfully submitted,

By: *s/ Tyler J. Bexley*
Joel W. Reese
State Bar No. 00788258
joel.reese@rgmfirm.com
Tyler J. Bexley
State Bar No. 24073923
tyler.bexley@rgmfirm.com

**REESE GORDON MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3202
214.382.9810 telephone
214.501.0731 facsimile

**ATTORNEYS FOR PLAINTIFF**